IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF COOS

| | |
|---|---|
| JOSLYNN ALBISTON,<br><br>         Plaintiff,<br><br>    v.<br><br>THREE LEAVES LLC,<br><br>         Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Unlawful Deductions/ Improper Tip Pool/ Failure to Pay Minimum Wage/Failure to Pay Wages Upon Termination)<br><br>Damages in the amount of $270,590.71; filing fee per ORS §21.160(1)(c)<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION** |

## COMPLAINT

Plaintiff, Joslynn Albiston ("Plaintiff"), through counsel, alleges as follows:

1.

Plaintiff is an adult resident of Coos County, Oregon, and is a former employee of Defendant THREE LEAVES LLC, doing business as The Liberty Pub ("Defendant").

2.

On information and belief, Defendant is a domestic limited liability company registered with the State of Oregon, with a principal place of business in the County of Coos, State of Oregon.

**Complaint: Page 1 of 8**

**3.**

On information and belief, Defendant employs at least 10 people in the State of Oregon, operating as a restaurant.

**4.**

Plaintiff was hired by Defendant on or about April 1, 2017, as a waitress. At the time of hire, Plaintiff was informed, by Defendant, that she would make $1 above minimum wage, or $10.50, in addition to tips.

**5.**

Despite this, Plaintiff was actually paid an initial hourly rate of $10.

**6.**

On or about January 1, 2018, Plaintiff received a wage increase of $1 per hour.

**7.**

On multiple occasions during Plaintiff's employment with Defendant, Defendant's manager and owner, Ethan Tobin (hereafter "Tobin") unlawfully took a share of the employee tip pool.

**8.**

On or about June 13, 2020, Plaintiff's employment with Defendant was terminated.

**9.**

Pursuant to ORS §652.140, Plaintiff's final paycheck was due no later than the end of June 15, 2020. This was to include all unlawful deductions, unpaid wages, and all penalties. To this date, such has not been received.

**10.**

On or about September 21, 2020, Plaintiff's counsel submitted a written demand to Defendant for the remaining amounts owed. No agreement was met.

Stevens & Legal, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, Oregon 97006
Telephone: 971-533-6178 | Facsimile: 971-228-2608

11.

On or about October 8, 2021, Plaintiff, through counsel, did receive two checks totaling $ 205.01 from Defendant. However, it was not specified what this money was for, nor did it satisfy any claims in the demand letter sent by Plaintiff's counsel.

12.

Plaintiff reserves the right to amend this complaint pursuant to ORS §31.725.

13.

**FIRST CLAIM FOR RELIEF**

(Unlawful Deduction ORS §652.610(3))

Plaintiff re-alleges paragraphs 1 through 12 above as though fully set forth herein.

14.

ORS §652.610 was in full force and effect and was binding on Defendant at all relevant times.

15.

Under ORS §652.610(3)(b), an employer may not deduct any portion of an employee's wage unless the deductions are "voluntarily authorized in writing by the employee, are for the employee's benefit and are recorded in the employer's books." ORS §652.610(3)(b).

16.

On information and belief, on approximately 34 instances, Defendant unlawfully deducted more than fifty percent of the Workers' Benefit Fund (hereafter "WBF") Assessment that was owed from Plaintiff's wages. Therefore, Plaintiff unlawfully contributed more than half of the WBF Assessment owed. OAR 436-070-0020.

17.

Plaintiff is therefore entitled to statutory damages of $200 for each violation, in addition

Stevens & Legal, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, Oregon 97006
Telephone: 971-533-6178 | Facsimile: 971-228-2608

to costs and disbursements, and reasonable attorney fees pursuant to ORS §652.615.

18.

**SECOND CLAIM FOR RELIEF**

(Improper Tip Pool, 29 U.S.C. §203(m)(2)(B))

Plaintiff re-alleges paragraphs 1 through 17 above as though fully set forth herein.

19.

29 U.S.C. §203 was in full force and effect and was binding on Defendant at all relevant times.

20.

Under 29 U.S.C. §203, an employer "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips. . ." 29 U.S.C. §203(m)(2)(B).

21.

On information and belief, on more than one occasion, Tobin willfully retained a share of the employee tip pool.

22.

Pursuant to 29 U.S.C. §216(b), Plaintiff is therefore entitled to the amount that was unlawfully kept by Tobin, an additional equal amount in the form of liquidated damages, and reasonable attorney's fees.

23.

At this time, the total amounts are unknown and are to be determined upon further investigation.

///

**Complaint: Page 4 of 8**

24.

## THIRD CLAIM FOR RELIEF

(Failure to Pay Minimum Wage ORS §653.025(2)(c))

Plaintiff re-alleges paragraphs 1 through 23 above as though fully set forth herein.

25.

ORS §653.025 was in full force and effect and was binding on Defendant at all relevant times.

26.

At all relevant times Defendant was located within the Nonurban Counties Boundary. The applicable minimum wage rates varied during Plaintiff's employment as follows:

    a) July 1, 2017, to June 30, 2018: $10.00 per hour;

    b) July 1, 2019, to June 30, 2020: $11.00 per hour.

27.

Due to the unlawful deductions, on at least 19 occasions, Plaintiff was not paid the applicable minimum wage rate an hour for all hours worked, as required by ORS §653.025(2)(c).

28.

Pursuant to ORS §653.055, Plaintiff is entitled to collect the difference between the wages Plaintiff received and the minimum wage Plaintiff lawfully should have received.

29.

Furthermore, pursuant to ORS §652.150, Plaintiff is therefore entitled to a penalty wage of 8 hours per day at an approximate rate of $33.24 per hour for 30 days, or $7,977.60, plus attorney's fees pursuant to ORS §652.200, as well as pre-judgment interest at nine percent per annum pursuant to ORS §82.010, *per violation*.

/ / /

**Complaint: Page 5 of 8**

30.

## FOURTH CLAIM FOR RELIEF

(Failure to Pay Wages on Termination, ORS §652.140, et seq.)

Plaintiff re-alleges paragraphs 1 through 29 above as though fully set forth herein.

31.

ORS §652.140 was in full force and effect and was binding on Defendant at all relevant times.

32.

When she was hired by Defendant, Plaintiff was informed by Defendant she would earn an hourly rate of $1 above minimum wage. The applicable minimum wage at the time was $9.50 per hour.

33.

Despite this, Plaintiff earned an hourly rate of $10 until she received a raise in or around January 2018. Plaintiff never received compensation for this discrepancy in pay.

34.

The amounts owed in paragraph 9 were due on Plaintiff's final paycheck. Those amounts were then not paid, as required by ORS §652.140, upon the separation of Plaintiff from his employment with Defendant.

35.

Upon Plaintiff's termination, Defendant was fully aware of both its obligation to pay Plaintiff and the amount it owed. However, to date, Defendant has failed to properly pay Plaintiff.

36.

Plaintiff's counsel sent a written notice of demand for nonpayment to Defendant on or about September 21, 2021. More than twelve days have passed since Defendant received such written notice.

Stevens & Legal, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, Oregon 97006
Telephone: 971-533-6178 | Facsimile: 971-228-2608

37.

Pursuant to ORS §652.150, Plaintiff is therefore entitled to a penalty wage of 8 hours per day at the rate of $17 per hour for 30 days, or $4,080, plus attorney's fees pursuant to ORS §652.200, as well as pre-judgment interest at nine percent per annum pursuant to ORS §82.010.

38.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

a) Unpaid wages in the amount of $213.91;

b) Penalty wage in the amount of $6,800 for unlawful deductions;

c) Back-pay in the amount of $16.25 for unlawful deductions;

d) Back-pay for improper tip pool to be based upon the records possessed by Defendant, but not to exceed $52,000;

e) Liquidated damages for improper tip pool to be based upon the records possessed by Defendant, but not to exceed $52,000;

f) Penalty wage in the amount of $7,977.60 for failure to pay wages upon termination;

g) Penalty wage in the amount of $151,574.40 for failure to pay minimum wages;

h) Back-pay in the amount of $8.55 for failure to pay minimum wages for each paycheck;

i) Reasonable attorney's fees pursuant to ORS §652.200 and 29 U.S.C. §216(b);

j) Prejudgment interest;

k) Costs and disbursements incurred herein; and

l) Other relief as the Court deems just and equitable.

Stevens & Legal, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, Oregon 97006
Telephone: 971-533-6178 | Facsimile: 971-228-2608

Dated: July 14, 2022

Respectfully submitted,

**STEVENS & LEGAL, LLC**

s/ TeAnna Rice
TeAnna Rice, OSB No. 205141
TeAnna@HillsboroFirm.com
Michael O. Stevens, OSB No. 095198
Michael@HillsboroFirm.com
Attorneys for Plaintiff

Trial Attorney:
Michael O. Stevens, OSB No. 095198

**Complaint: Page 8 of 8**