IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSLYNN ALBISTON, | Civ. No. 6:22-cv-01284-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THREE LEAVES, LLC, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant Three Leaves, LLC. ECF No. 9. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

This case was originally filed in the Coos County Circuit Court as Case No. 22CV23290. Defendant removed this case to federal court on August 29, 2022. ECF No. 1. The facts below are derived from the state court complaint. Notice of Removal Wheatly Decl. Ex. 1. ECF No. 2.

Plaintiff Joslynn Albiston is a resident of Coos County and a former employee of Defendant Three Leaves, LLC. Compl. ¶ 1. Defendant is an Oregon limited liability company doing business as The Liberty Pub. *Id.* at ¶¶ 1-2. Defendant is owned and managed by Ethan Tobin. *Id.* at ¶ 7.

Plaintiff was hired by Defendant to work as a waitress on April 1, 2017. Compl. ¶ 4. At the time of hiring, Plaintiff was told that she would be paid $1 more than minimum wage, or $10.50 per hour plus tips. *Id.* Plaintiff was actually paid $10 per hour. *Id.* at ¶ 5. On January 1, 2018, Plaintiff's wage increased to $11 per hour. *Id.* at ¶ 6. While Plaintiff was employed by Defendant, Tobin "unlawfully took a share of the employee tip pool" on multiple occasions. *Id.* at ¶ 7.

On June 13, 2020, Plaintiff's employment with Defendant was terminated. Compl. ¶ 8. Plaintiff's final paycheck was due no later than June 15, 2020. *Id.* at ¶ 9. As of the date of the Complaint, Plaintiff has not received her full final paycheck.

*Id.*

Plaintiff, through counsel, presented Defendant with a written demand for the amount owed on her final paycheck on September 21, 2020. Compl. ¶ 10. On October 8, 2021, Defendant sent Plaintiff two checks totaling $205.01. *Id.* at ¶ 11. Plaintiff alleges that the sum did not satisfy any demand made on Defendant. *Id.*

## DISCUSSION

Plaintiff brings claims for (1) unlawful deduction in violation of ORS 652.610(3); (2) improper tip pool in violation of 29 U.S.C. § 203(m)(2)(B); (3) failure to pay minimum wage in violation of ORS 653.025(2)(c); and (4) failure to pay wages on termination in violation of ORS 652.140. Defendant moves to dismiss Plaintiff's first, second, and fourth claims for relief.

### I. Unlawful Deduction

Plaintiff's first claim alleges that "on approximately 34 instances, Defendant unlawfully deducted more than fifty percent of the Workers' Benefit Fund (hereafter 'WBF') Assessment that was owed from Plaintiff's wages." Compl. ¶ 16. Plaintiff alleges that these deductions were in violation of ORS 652.610(3) and that Plaintiff is "therefore entitled to statutory damages of $200 for each violation." *Id.* at ¶¶ 15, 17.

As relevant to the present motion, ORS 652.610 provides that "[a]n employer may not withhold, deduct or divert any portion of an employee's wages unless: . . . The deductions are voluntarily authorized in writing by the employee, are for the employee's benefit and are recorded in the employer's books." ORS 652.610(3)(b). In

terms or remedies, ORS 652.615 provides "a private cause of action for a violation of ORS 652.610(3) for actual damages or $200, whichever is greater." ORS 652.615.

Here, Defendant does not challenge any element of Plaintiff's claim, but rather disputes Plaintiff's claimed remedy for the alleged violations. Plaintiff asserts that she is entitled to recover either actual damages or $200 for each of the thirty-four alleged unlawful deductions. Defendant argues that because the alleged unlawful deductions are all of the same kind, Plaintiff is entitled only to her actual damages or a single $200 penalty under ORS 652.615.

This is not an issue of first impression for courts of this District. In *Brinkman v. ABM Onsite Services—West, Inc.*, 383 F. Supp.3d 1120 (D. Or. 2019), after considering the text and legislative history of the statute, turned to a footnote in a 2006 decision of the Oregon Supreme Court, *Allen v. Cnty. of Jackson Cnty.*, 340 Or. 146 (2006). *Brinkman*, 383 F. Supp.3d at 1126. In the *Allen* footnote, the Oregon Supreme Court observed that "[t]he judgment below awarded each recovering plaintiff more than $200 in damages, so the statutory minimum recovery did not come into play." *Allen*, 340 Or. 151 n.2. The *Brinkman* court noted that this was "arguably not a holding by the Oregon Supreme Court," but was "still perhaps the best indicator of how the Oregon Supreme Court views the proper measure of damages of this statute: actual damages or $200 total, and not $200 per violative deduction." *Brinkman*, 383 F. Supp.3d at 1126.

In her Response, Plaintiff points to a more recent footnote from the Oregon Supreme Court in *Jones v. Four Corners Rod and Gun Club*, 366 Or. 100, 105 n.4

(2020). In that footnote, the Oregon Supreme Court recited that the general judgment of the trial court had awarded the plaintiff a "statutory penalty of $7,200 ($200 per violation) for defendants unauthorized deductions of the lodging benefit from plaintiff's wages, ORS 652.615." *Id.* From this, Plaintiff infers that the Oregon Supreme Court approved of a per-violation formulation of the statutory damages. However, the *Jones* defendant "admitted that it owed an additional civil penalty of $7,200 for 36 months of violations of ORS 652.610(3)." *Jones v. Four Corners Rode and Gun Club*, 290 Or. App. 811, 814 (2018), *aff'd in part and rev'd in part by* 360 Or. 100. The consequence of this concession is that, as the *Brinkman* court noted, "the issue was never actually litigated." *Brinkman*, 383 F. Supp.3d at 1126. Indeed, the Oregon Supreme Court's footnote in *Jones* appears as part of the court's recitation of the factual and procedural history of the case. *Jones*, 366 Or. at 102-06.

Plaintiff also cites to two Oregon circuit court decisions in which the courts awarded $200 on a per-violation basis—*Bellwood v. Dover Mgmt., Inc.*, No. 0805-07563, 2009 WL 10677096, at *1 (Or. Cir. Mar. 17, 2009) and *Lohse v. CPR Assoc. of Ore., Inc.*, No. 07 C 15325, 2008 WL 4612445 (Mar. 10, 2008). The *Brinkman* court concluded, however, that "the Oregon Supreme Court's statement in *Allen* is the best indicator of how the state's highest tribunal likely would interpret this Oregon law," and so held that ORS 652.615 "allows a successful plaintiff to be awarded actual damages or a single sum of $200, whichever is greater, for a given type of violation of [ORS 652.610(3)], even if that violation occurs multiple times across multiple pay-periods." *Brinkman*, 383 F. Supp.3d at 1127; *see also Gessele v. Jack in the Box, Inc.*,

Page 5 –OPINION & ORDER

427 F. Supp.3d 1276, 1326 (D. Or. Nov. 2019) (following *Brinkman* in holding that plaintiffs "are limited to a single $200 sum or actual damages" even if the improper deductions occurred multiple times over multiple pay periods); *Stavrum v. NW Precision Const. LLC*, Case No. 3:21-cv-01761-SB, 2022 WL 16798577, at *6 (D. Or. Oct. 14, 2022) (following *Brinkman* and *Gessele*).

This Court also finds the reasoning of *Brinkman* persuasive and so joins with the other courts of this District and concludes that a plaintiff who successfully prosecutes a claim under ORS 652.610(3) is entitled to actual damages or a single sum of $200, whichever is greater, for a given type of violation of ORS 652.610(3), even if that violation occurs multiple times across multiple pay-periods. Defendant's motion is therefore granted as to Plaintiff's first claim to the extent that Plaintiff seeks to recover $200 for each instance of the same type of unlawful deduction across multiple pay periods. Plaintiff will be given leave to amend her first claim accordingly.

## II. Improper Tip Pool

In her second claim, Plaintiff alleges that Defendant's owner and manager Tobin "willfully retained a share of the employee tip pool" in violation of 29 U.S.C. § 203. Compl. ¶¶ 20-21. Defendant moves to dismiss on the basis that this claim is time-barred.

"A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2014) (internal quotation

Page 6 – OPINION & ORDER

marks and citations omitted). Courts will "accept as true all well-pleaded allegations of material fact but are not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (internal quotation marks and citation omitted).

In relevant part, 29 U.S.C. § 203 provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B). Claims brought under § 203 must be commenced within two years after the cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

Defendant argues that because Plaintiff was terminated on June 13, 2020, and this action was not commenced until July 14, 2022, that any improper tip sharing occurred outside of the two-year limitations period. However, Plaintiff has alleged that Defendant engaged in a willful violation, which extends the limitations period to three years. "A violation of the FLSA is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Chao v. A-One Medical Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (internal quotation marks and citations omitted, alternations normalized). "An employer need not violate the statute knowingly for its violation to be considered 'willful' under § 255(a), although merely negligence conduct will not suffice." *Flores v. City of San*

*Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) (internal quotation marks and citations omitted).

Here, Plaintiff alleges that Tobin is the owner and manager of Defendant and that, on multiple occasions, Tobin took and "willfully retained" a share of the employee tip pool. Compl. ¶¶ 7, 21. Read in the light most favorable to the non-moving party, it is not an "unwarranted deduction of fact" or an "unreasonable inference" to conclude that Tobin retention of employee tips was willful in light of his position as the owner and manager of Defendant. A willful violation would extend the time for Plaintiff's claim back to the period of her employment. Whether these allegations will be borne out by discovery remains to be seen, but for purposes of a motion to dismiss, the running of the limitations period is not apparently from the face of the Complaint. Defendant's motion is denied as to Plaintiff's second claim for relief.

### III.     Failure to Pay Wages on Termination

Plaintiff's fourth claim for relief alleges that Defendant failed to pay wages upon termination in violation of ORS 652.140. Plaintiff alleges that when she was hired, Defendant promised that she would be paid "an hourly rate $1 above minimum wage," which was $9.50 per hour at the time. Compl. ¶ 32. Plaintiff was actually paid $10 per hours until January 2018 and Plaintiff alleges that she was never paid the difference between the promised rate and the paid rate. *Id.* at ¶ 33. Plaintiff alleges she was not paid for "all unlawful deductions, unpaid wages, and all penalties" within the time allotted by statute. *Id.* at ¶ 9.

ORS 652.140 provides that when an employee is discharged, the employer must pay all wages earned and unpaid within a specified time after the discharge. Here, Defendant contends that Plaintiff's fourth claim is improperly based on an ongoing unpayment of wages, rather than on a failure to pay wages on termination. Courts in this District have held, in the context of a failure to pay overtime and minimum wage, that "an ORS 652.140 claim will not lie based on ongoing underpayment facts." *Berger v. DIRECTV, Inc.*, 2014 WL 1799996, at *9-11 (D. Or. April 16, 2015) (citing *Hurger v. Hyatt Lake Resort, Inc.*, 170 Or. 320, 323 (2000) and *Cornier v. Tulacz*, 176 Or. App. 245, 250 (2001)); *see also Mathis v. Housing Auth. of Umatilla Cnty.*, 242 F. Supp.2d 777, 788 (2002) ("The Housing Authority committed only one wrongful act, namely not paying Mathis overtime wages. A violation of the overtime statute does not automatically create a second violation of the statute requiring prompt payment of all wages due and owing at termination when an employee quits or is terminated."); *Davis v. Laurel Medical Servs. Corp.*, Case No. 3:16-cv-1973-SI, 2018 WL 2105374, at *7 (D. Or. May 7, 2018) (dismissing a claim for unpaid overtime under ORS 652.140 because "Plaintiffs can only recover one penalty under Oregon law for the same employer misconduct." (internal quotation marks and citation omitted)).

In this case, however, Plaintiff's fourth claim rests on an alleged failure to pay Plaintiff her promised wage and that claim is distinct from Plaintiff's third claim, which alleges a failure to pay the applicable minimum wage. This claim, as pleaded, does not seek to recover a second penalty for the same alleged misconduct as the third

claim for relief. The Court therefore declines to dismiss Plaintiff's fourth claim.

## Conclusion

For the reasons set forth above, Defendants' Motion is GRANTED in part and DENIED in part. Defendant's motion is granted as to Plaintiff's first claim for relief and denied as to Plaintiff's second and fourth claims. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint, should she wish to do so. The parties are directed to contact the Courtroom Deputy Cathy Kramer to confer on a date for a status conference in this matter.

It is so ORDERED and DATED this ____11th____ day of May 2023.

      /s/Ann Aiken
ANN AIKEN
United States District Judge